O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MONICA JEAN MOORE, | ) | CASE NO. CV 12-07031 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Monica Jean Moore received a diagnosis of bipolar disorder. The Administrative Law Judge found that she was not disabled, however, rejecting the opinion of Plaintiff's treating physician, Dr. Israel. Dr. Israel stated in a July 2010 assessment that Plaintiff did not have the ability to maintain a sustained level of concentration, sustain repetitive tasks for an extended period, or adapt to new or stressful situations. He also opined that Plaintiff lacked the ability to interact appropriately with others, and that she could not work a 40-hour week without decompensating. [AR 416] The Administrative Law Judge did not agree. He relied instead on the opinion of a non-examining medical consultant, Dr. Kania and, although the Administrative Law Judge referenced only an April 1, 2010 assessment by Dr. Israel, he probably in fact referred to the July assessment as well, because they were together in the record [AR 416-419] and Dr. Kania testified about them together when he appeared telephonically at the hearing. [AR 31-32] The

Administrative Law Judge stated that Dr. Kania testified that the rest of the records do not support Dr. Israel's assessment, and that "Dr. Kania's testimony is reasonable and consistent with the medical evidence. Therefore , he is given great weight because he is found to be highly credible." [AR 17]

The approach of the Administrative Law Judge was erroneous. In *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), the Court of Appeals described the interaction between an opinion from a consultant and an opinion from a treating physician:

> When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her own conclusions, the conclusions of the examining physician are not "substantial evidence."

495 F.3d at 632. The Court went on to contrast that situation with the situation where the examining physician made his own independent findings, in which case the findings can stand as substantial evidence. The Court then explained that "[i]ndependent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence . . . or (2) findings based on objective medical tests that the treating physician has not herself considered . . . ." *Id.* (citations omitted).

Consistent with *Orn*, the Court of Appeals in *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996), ruled that the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of either an examining physician or a treating physician. Cases which *do* rely on the opinion of a non-examining consultant nevertheless also say that there must be other evidence in the record with which the advisor's opinion is consistent. *See, e.g.*, *Morgan v. Commissioner of Social Security Administration*, 169 F.3d 595, 600 (9th Cir. 1999). Here the medical advisor relied on no independent findings, but simply disagreed with the conclusions of the treating physician based on the records.

In this Court, the Commissioner defends the decision in two ways. One, relying on *Turner v. Commissioner*, 613 F.2d 1217, 1223 (9th Cir. 2010), the Commissioner argues that it is proper to rely on a medical expert's view that the record did not support the treating physician's opinion. In *Turner*, however, the Administrative Law Judge did *not* reject the treating physician's opinion. 613 F.3d at 1223. After so ruling, and continuing on an "even if" — and therefore clearly dicta — basis, the Court then sided with the medical expert, but on the basis of a variety of evidence other than the expert's opinion about the records. *Id.* This approach was entirely consistent with *Orn, Lester* and *Morgan*, cited above, all requiring independent matters beyond the opinion of the medical advisor that the treating doctor's records do not support his conclusions.

Two, the Commissioner argues that there was substantial evidence to support the medical expert's conclusion that the assessment of Plaintiff's capabilities was not made by a medical professional. (Defendant's Memorandum in Support of Defendant's Answer at 3). This was not the finding of the Administrative Law Judge, however, who noted that the assessment was made by a psychiatrist. [AR 16] The Administrative Law Judge did give less weight to non-medical personnel who made other assessments in the record [AR 16], but did clearly address the assessment that *was* made by the treating physician.

The Administrative Law Judge having erred in his rejection of the treating physician's opinion, the decision of the Commissioner cannot stand. The decision is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.

DATED: July 31, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE